IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRACY FREEMAN                                                        PLAINTIFF

VS.                                                     CASE NO. __5:19cv-17-DCB-MTP__

JUGHEAD'S FISH FRY, LLC and
ALTON J. HALL, SR., Individually                                    DEFENDANTS

---

### VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, Tracy Freeman (hereinafter "Plaintiff"), files this action against Defendant, Jughead's Fish Fry, LLC (hereinafter "Jughead's Fish Fry") and Alton J. Hall, Sr., Individually (collectively referred to as "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This action is brought by Plaintiff under the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendants.

## JURISDICTION

3.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4.      The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5.      The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6.      Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendants and Defendants therefore "reside" in Mississippi.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint and/or Defendants maintained a business operation within this district.

8.      Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9.      At all material times hereto, Defendant, Jughead's Fish Fry is a limited liability company who operates and conducts business in Natchez (Adams County), Mississippi.

10.     Defendant, Alton J. Hall, Sr. is an individual who, upon information and belief, lives and resides in Adams County, Mississippi and is listed as a member on the Mississippi Secretary of State's site for Jughead's Fish Fry, LLC.

11.     At all times relevant to this action, Alton J. Hall, Sr. is an individual resident of the State of Mississippi, who owns, operates and conducts business on behalf of Jughead's Fish Fry and who regularly exercises the authority to: (a) hire and fire employees of Jughead's Fish Fry; (b) determines the work schedules for the employees of Jughead's Fish Fry; and (c) controls the finances and operations of Jughead's Fish Fry; and, by virtue of having regularly exercised that authority on behalf of Jughead's Fish Fry, Alton J. Hall, Sr. is an employer as defined by 29 U.S.C. §201, *et seq.*

12.     At all material times hereto, Plaintiff was, is and continues to be a resident of Adams County, Mississippi.

13.     Plaintiff was an employee of Defendants who worked as a manager cleaning, cooking, waiting on customers, preparing food orders and engaging in other related activities for Defendants in Adams County, Mississippi.

3

<u>COVERAGE</u>

14.    At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

15.    At all material times hereto (2016-2019), Defendants were the "employer" within the meaning of the FLSA.

16.    Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

17.    At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18.    At all material times hereto (2016-2019), Defendants were, are, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19.    At all material times hereto (2016-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

20.    At all material times hereto (2016-2019), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

21.    At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a) Operated instrumentalities of commerce;

    b) Transported goods in commerce;

     c)  Used channels of commerce;

     d)  Communicated across state lines; and/or

     e)  Performed work essential to any of the preceding activities.

22.    Defendants and their officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23.    At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

24.    At all material times hereto (2016-2019), Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

25.    Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

26.    Defendant, Jughead's Fish Fry, is a restaurant owned by Defendant, Alton J. Hall, Sr. located in Natchez (Adams County), Mississippi.

27.    Plaintiff, Tracy Freeman, worked as a manager for Defendants.

28.    Plaintiff worked in this capacity from approximately November 1, 2011 through May 21, 2018.

29.   Plaintiff was paid a salary of $380.00 per week up to forty (40) hours in exchange for work performed.

30.   In order to be considered exempt, Plaintiff should have been paid a minimum salary of $455.00 per week.

31.   Plaintiff's job duties included such services as setting and clearing tables, cleaning, cooking, waiting on customers, preparing food orders and training new employees for Defendants.

32.   Such job duties classify Plaintiff as being a non-exempt employee.

33.   Plaintiff typically worked over forty (40) hours per work week.

34.   Plaintiff worked approximately sixty-three (63) hours each week.

35.   Defendants maintained a policy of only paying Plaintiff for up to forty (40) hours every week.

36.   Defendants failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half her regular rate of pay for any hours worked over forty (40) in a week.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

37.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38.   Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

39.   Plaintiff worked over forty (40) hours per work week.

40.   Despite working more than forty (40) hours in any given week Defendants failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half her regular rate of pay for all hours worked over forty (40).

41.     In addition, Defendants did not maintain and keep accurate time records for Plaintiff as required by the FLSA.

42.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

43.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

45.     Plaintiff demands judgment against Defendants for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by her for which the Defendants did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

46.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tracy Freeman, respectfully requests that judgment be entered in her favor against Defendants, Jughead's Fish Fry, LLC and Alton J. Hall, Sr., Individually:

   a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b) Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c) Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d) Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e) Awarding Plaintiff pre-judgment interest;

f) Ordering any other further relief the Court deems just and proper.

DATED:   February _18_, 2019.

<div style="margin-left:40%">

Respectfully submitted,
TRACY FREEMAN, PLAINTIFF

CHRISTOPHER W. ESPY (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:   601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF

</div>

COUNTY: _Adams_

STATE: _Mississippi_

   I, TRACY FREEMAN, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: _2/16/2019_                         _Tracy Freeman_
                                          TRACY FREEMAN, PLAINTIFF